FILED
MAR 20 2008


UNITED STATES DISTRICT COURT
District of South Dakota
Central Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civ. 07-30024-KES |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | FOR DISPOSITION OF |
| WILLIAM WAYNE ZIEGLER, SR., | ) | DEFENDANT'S MOTION TO DISMISS |
| | ) | COUNTS III AND IV |
| Defendant. | ) | OF THE INDICTMENT |

\* \* \* \* \* \*

Defendant, William Wayne Ziegler, Sr., has filed a Motion seeking to dismiss Counts III and IV of the Indictment, Docket No. 97. Because Defendant's Motion is a dispositive one, this Court is only authorized to determine the same on a report and recommendation basis. In accordance with 28 U.S.C. § 636(b)(1), the Court does now make and propose the following report and recommendation for disposition of the Motion.

I.

In his Motion, Defendant claims that Counts III and IV of the Indictment "fail to state a crime, are duplicitous and violate [his] right [] to have a proper charge returned by the grand jury. In particular, he contends that both of these Counts allege that he attempted to commit a crime (sexual contact with a minor in violation of 18 U.S.C. § 2244) that did not exist. According to Defendant (1) there is no way of knowing whether he was properly indicted for a federal crime under § 2244 (i.e. for having sexual contact with M.L.Z., the alleged child victim, or attempting to do so); (2) no federal offenses have been charged

in Counts III and IV because there is no crime of attempted sexual contact under § 2244; and (3) to the extent that the two Counts charge him with offenses that exist and do not exist, the Indictment is duplicitous. Defendant requests that both Counts be dismissed for any one or more of these reasons.

## II.

The District Court,[1] has already determined that Counts III and IV are multiplicitous. See Order Granting in Part and Denying in Part Motion to Dismiss, Docket No. 81 at 20. That Court, however, allowed the Government to present evidence at trial that Defendant committed the acts alleged in these two Counts but plainly stated that if he was found guilty of both Counts, it would merge them prior to sentencing and treat them as a single offense. Id.

Defendant tries to carry his partial success, with respect to Counts III and IV, even further and now asks that the Counts be dismissed in their entirety. This Court does not believe that such a drastic remedy is called for or warranted, under the circumstances, and that Defendant's Motion should accordingly be denied.

## III.

When Defendant is alleged to have committed the offenses charged in Counts III and IV, § 2244(a)(3) provided in pertinent part that "[w]hoever . . . knowingly engages in or causes sexual contact with or by another person, if so to do would violate

---

[1] The Honorable Karen E. Schreier, a Chief United States District Judge, presiding.

subsection (a) of section 2243 . . . had the sexual contact been a sexual act, shall be fined under this title, imprisoned not more than two years, or both[.]"  At the time, 18 U.S.C. § 2243(a) prohibited a person from knowingly engaging in or <u>attempting to engage in</u> a sexual act with another person who had attained the age of 12 years, but had not attained the age of 16 years and who was at least four years younger than the person so engaging.

Thus, contrary to Defendant's claim, § 2244, and in particular, subsection (a)(3) thereof, made it a crime, between October 15, 1995 and October 14, 1997 (the time period alleged in Counts III and IV of the Indictment), to actually engage in a sexual act with a child <u>or attempt to do so</u>. As such, his first two contentions are wholly without merit.

IV.

So too is Defendant's contention that Counts III and IV are duplicitous.  Because they are not, dismissal of them need not even be considered.

"'Duplicity' is the joining in a single count of two or more distinct and separate offenses." <u>United States v. Moore</u>, 184 F.3d 790, 793 (8th Cir. 1999) (quoting <u>Gerberding v. United States</u>, 471 F.2d 55, 59 (8th Cir. 1973)), <u>cert. denied</u>, 528 U.S. 1161 (2000).  "The principal vice of a duplicitous indictment is that the jury may convict a defendant without unanimous agreement on the defendant's guilt with respect to a particular offense." <u>United States v. Street</u>, 66 F.3d 969, 974 (8th Cir. 1995) (quoting <u>United States v. Karam</u>, 37 F.2d 1280, 1286 (8th Cir.

3

1994) cert. denied, 513 U.S. 1156 (1995)). "Duplicity concerns are not present, however, when the underlying statute is one which merely enumerates one or more ways of committing a single offense. Savatdy v. United States, Nos. Civ. 06-4256, CR 03-40111, 2007 WL 1231563 at *1 (D.S.D. Apr. 25, 2007) (quoting Moore, 184 F.3d at 793). Where "the statute specifies two or more ways in which one offense may be committed, all may be alleged in the conjunctive in one count of the indictment, and proof of any one of the methods will sustain a conviction." Street, 66 F.3d at 974 (quoting Gerberding, 471 F.2d at 59); see also Savatdy, 2007 WL 1231563 at *1; United States v. Lueth, 807 F.2d 719, 733 (8th Cir. 1986).

The 1990 and 1996 versions of § 2243, both of which were incorporated into § 2244's 1994 statutory language,[2] were written in the disjunctive and provided for two alternative ways to commit the single offense of sexual contact with a minor child. Courts in this Circuit and elsewhere have routinely interpreted statutes written in the disjunctive as defining different ways a defendant may commit the same single offense. See Street, 66 F.3d at 974 (concluding that 18 U.S.C. § 111(a)(1) is not duplicitous); Gerberding, 471 F.2d at 59 (making the same conclusion as to 18 U.S.C. § 2113(d)); see also United States v. Crisci, 273 F.3d 235, 239 (2d Cir. 2001) (joining other circuits in holding that the bank fraud statute, 18 U.S.C. § 1344, was written in the disjunctive and that as such, a single count of an

---

[2] Section 2244 was enacted on September 13, 1994 and remained in effect until October 29, 1998.

4

indictment may charge bank fraud under both subsections (1) and (2) thereof).

Having charged Defendant in Counts III and IV with the commission of a single offense by different means, rather than two separate crimes in a single count, see Fed. R. Crim. P. 7(c)(1),[3] this portion of the Indictment is not duplicitous and subject to dismissal.

V.

Based on the foregoing discussion, it is hereby

RECOMMENDED that Defendant's Motion to Dismiss Counts III and IV of the Indictment, found at Docket No. 97, be denied in all respects.

Dated this 20th day of March, 2008 at Pierre, South Dakota.

BY THE COURT:

/s/ Mark A. Moreno

MARK A. MORENO
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: /s/ Dneen L. Clauser
   Deputy Clerk
(SEAL)

NOTICE

**Failure to file written objections to the within and foregoing Report and Recommendation for Disposition of Defendant's Motion to Dismiss Counts III and IV of the Indictment within ten (10) days from the date of service shall bar Defendant from attacking such Report and Recommendation before the assigned United States District Judge. See 28 U.S.C. § 636(b)(1).**

---

[3] This Rule permits the Government to allege, in a count of the indictment, that the defendant committed an offense "by one or more specified means."

5