UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 07-30024-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING |
| vs. | ) | MOTION TO DISMISS |
| | ) | |
| WILLIAM WAYNE ZIEGLER, SR., | ) | |
| | ) | |
| Defendant. | ) | |

Defendant, William Wayne Ziegler, Sr., is charged with seven counts of sexual abuse involving three minor victims. Defendant moves to dismiss Counts III and IV of the indictment. The government opposes the motion.

Magistrate Judge Mark A. Moreno issued a report and recommendation denying defendant's motion to dismiss. Docket 107. Defendant objects to the report and recommendation. Docket 108. The court accepts the report and recommendation of the magistrate judge as supplemented herein.

**STANDARD OF REVIEW**

The court must make a de novo review "of those portions of the [Magistrate's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also United States v. Lothridge, 324 F.3d 599 (8th Cir. 2003); Jones v. Pillow, 47 F.3d 251, 253 (8th Cir. 1995). 28 U.S.C. § 636(b)(1) requires that when a party objects to the report and recommendation of a magistrate judge concerning a dispositive

matter, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.; see also Fed. R. Civ. P. 72(b).

## DISCUSSION

Defendant objects to the last paragraph of part III of Magistrate Judge Moreno's recommendations and contends that the magistrate judge erred in holding that § 2244(a)(3) makes it a crime to "attempt" abusive sexual contact because the statute mentions § 2243(a) which does proscribe an "attempt." Defendant argues that § 2244 does not criminalize *attempted* abusive sexual contact, and therefore, the indictment is improper, and Counts III and IV should be dismissed.

Counts III and IV of the indictment allege that defendant knowingly caused and attempted to cause a minor victim to engage in sexual contact, in violation of 18 U.S.C. §§ 1153, 2244(a)(3), and 2246(2)(B). 18 U.S.C. § 2244 criminalizes abusive sexual contact by incorporating other sections of the title that criminalize sexual abuse. Both the term "sexual act," an element of sexual abuse, and the term "sexual contact" are defined in 18 U.S.C. § 2246.

As is relevant to this case, 18 U.S.C. § 2244(a)(3) provides that any person who "knowingly engages in or causes sexual contact with or by another person, if so to do would violate . . . (3) subsection (a) of section 2243 of this title had the sexual contact been a sexual act" in a territorial jurisdiction of the United States shall be fined and be imprisoned for a period of no more than

2

two years.  In turn, 18 U.S.C. § 2243(a) provides that any person who "knowingly engages in a sexual act with another person who (1) has attained the age of 12 years but has not attained the age of 16 years; and (2) is at least four years younger than the person so engaging; *or attempts to do so,*" shall be fined and imprisoned for a period of not more than 15 years.  (Emphasis added.)[1]

Defendant argues that because the language of 18 U.S.C. § 2244 itself does not criminalize an "attempt," that statute can only give rise to criminal liability if the sexual contact offense is actually committed.  In support of defendant's argument he cites a Ninth Circuit Model Jury Instruction which states "[s]ection 2244 does not make it a crime to attempt sexual contact." Model Crim. Jury Instr. 9th Cir. 8.148 (2003).

Although the language in 18 U.S.C. § 2244 does not contain the word "attempt" the court finds that the statute's incorporation of § 2243(a) necessarily incorporates its prohibition on attempt.  This conclusion is supported by the recent decision of the Eighth Circuit in <u>United States v. Hollow Horn</u>, ___ F.3d ___, 2008 WL 1833773 (8th Cir. 2008).  In <u>Hollow Horn</u>, the court found that "abusive sexual contact, as defined by the applicable versions of 18 U.S.C. § 2244(a)(1) and 2241(c), includes attempted violations of

---

[1] A review of 18 U.S.C. §§ 2243 and 2244 indicates that the differences in the statutes in effect during the time alleged in the indictment as compared to the current version of the statutes are not relevant to defendant's motion to dismiss.

those crimes." Id. at *7. The interaction between the statutes at issue in Hollow Horn is identical to the interaction between the statutes at issue in this case. In both instances the relevant provision of § 2244 incorporates a separate statute that prohibits sexual abuse and attempted sexual abuse. The court finds Hollow Horn to be controlling and therefore concludes that attempted sexual contact is criminalized by § 2244(a)(3). See also United States v. Blue Bird, 372 F.3d 989, 992 (8th Cir. 2004) (partially overruled on other grounds) ("Chapter 109A forbids both "sexual acts" and "sexual contact" with a minor, as well as attempts to do either of these things."); In re Extradition of Batchelder, 494 F. Supp. 2d 1302, 1308 (N.D. Fla. 2007) (holding that § 2244 can be violated by an attempt).

Because the court finds that § 2244(a)(3) is violated by an attempt to commit the proscribed act, defendant's arguments that the indictment is improper are without merit. Accordingly, it is hereby

ORDERED that defendant's motion to dismiss (Docket 97) is denied.

Dated May 1, 2008.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE