UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 07-30024-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER MERGING |
| vs. | ) | COUNTS |
| | ) | |
| WILLIAM WAYNE ZIEGLER, SR., | ) | |
| | ) | |
| Defendant. | ) | |

    Defendant, William Wayne Ziegler, Sr., was charged by indictment with seven counts of sexual abuse involving three minor victims.  Counts II through V alleged that Ziegler perpetrated unlawful sexual contact with M.L.Z., a minor who had not reached the age of 16 but was older than 12, when the alleged contact occurred.

    After the conclusion of the government's case-in-chief, this court granted Ziegler's motion for a judgment of acquittal on count V of the indictment, finding that the government had not put forth sufficient evidence to allow a reasonable jury to convict Ziegler on that offense.  The court denied Ziegler's motion for a judgment of acquittal on the remaining counts.

    The court submitted instructions to the jury on counts II, III, and IV. Count II charged sexual abuse of a minor.  With respect to count II, the court also instructed the jury on the lesser included offense of abusive sexual contact

of a minor. Counts III and IV charged Ziegler with abusive sexual contact of a minor. The jury found Ziegler guilty of the lesser included offense under count II and of the crimes charged in counts III and IV.[1]  Docket 155. In summation, Ziegler was convicted of three counts of abusive sexual contact of a minor with respect to the incident involving M.L.Z.

Prior to trial, Ziegler moved to dismiss counts III and IV, arguing that the counts were multiplicitous. This court found that the abusive sexual contact offenses charged in counts III and IV were multiplicitous. Docket 81. In so holding, the court found that the alleged unlawful contact in each count arose from the same alleged incident, and that the acts were a part of a "single impulse." Id. at 13-20. This court stated that in the event that Ziegler was found guilty of both counts III and IV it would merge the counts prior to sentencing and treat them as a single offense. See United States v. Platter, 514 F.3d 782 (8th Cir. 2008).

In light of the jury verdict, finding Ziegler guilty of the lesser included offense of abusive sexual contact on count II, the court must also now consider whether it is appropriate to merge count II with counts III and IV. The evidence submitted at trial demonstrated that counts II through IV alleged

---

[1] In the verdict form, the jury indicated that it found Ziegler guilty on count IV because it found that Ziegler attempted an act of abusive sexual contact as explained within the jury instructions. Consistent with this court's earlier order, the court finds that an "attempt" to commit abusive sexual contact is a crime under 18 U.S.C. § 2244(a)(3). Docket 119.

crimes related to a single incident of sexual abuse. Viewed in the light most favorable to the jury verdict, the evidence demonstrated that Ziegler was alone with M.L.Z. in a bathroom. Ziegler, under the pretense of checking M.L.Z.'s hair for lice, caused her head to come into contact with his penis. The evidence also demonstrates that Ziegler touched M.L.Z.'s breast and attempted to cause her hand to come into contact with his penis. The evidence was sufficient to support the jury's finding on counts II, III, and IV.

After reviewing the evidence that was submitted at trial, the court finds that the crimes for which Ziegler was convicted in counts II, III, and IV arose from a single incident and were part of a single impulse of Ziegler to gratify his sexual desire. Accordingly, for the reasons set forth in this court's previous order, the court finds the counts to be multiplicitous. See Docket 81 at 13-20. "[T]he proper remedy when a defendant is convicted of multiplicitous counts is merger of the counts into one count, not a retrial under just one theory of liability." Platter, 514 F.3d at 787. The evidence regarding count III was particularly clear; M.L.Z. testified consistently that Ziegler touched her breasts during the course of the sexual abuse which took place in the bathroom. That testimony was credited by the jury when it found Ziegler guilty of committing abusive sexual contact of a minor as alleged in count III. Further, that act of sexual abuse occurred contemporaneously to, or in close temporal proximity with, the other unlawful contact Ziegler had with M.L.Z. Accordingly, the

court finds counts II and IV should be merged into count III for purposes of sentencing.  Based on the foregoing, it is hereby

ORDERED that Ziegler's convictions under counts II and IV will be merged with his conviction under count III and treated as a single offense of abusive sexual contact of a minor, in violation of 18 U.S.C. § 2243(a)(3), for purposes of sentencing.

Dated May 27, 2008.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE